CLD-007                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3225
_____

JAY L. THOMAS,
Appellant

v.

NORTHEASTERN UNIVERSITY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-11-cv-03905)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 6, 2011

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Appellant Jay Thomas, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States

District Court for the District of New Jersey dismissing his complaint against

Northeastern University. For the reasons that follow, we will affirm the order of the District Court.

Thomas alleged in his complaint that he was an online student at Northeastern University. Thomas averred that he and Northeastern entered into a contract, which appears to have addressed the financial aid Thomas would receive towards the cost of tuition. Thomas subsequently withdrew from his courses. Documents attached to Thomas' complaint reflect that Northeastern notified Thomas that he had an overdue balance of $2,591.00 and that a failure to pay his balance would result in the placement of his account with a collection agency, which would add collection costs in the amount of $863.67. Thomas did not pay his balance and a collection agency sent him a bill in the amount of $3454.67. Thomas brought claims against Northeastern for breach of contract and breach of a fiduciary duty owed "to calculate aid once [he] droped[sic] his classes." Compl. at 4.

The District Court reviewed Thomas' complaint pursuant to 28 U.S.C. § 1915(e) and dismissed it, concluding that he failed to state claim for breach of fiduciary duty and that his remaining claim did not satisfy the amount in controversy requirement for diversity jurisdiction. This appeal followed.

The federal district courts have original diversity jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim

is really for less than the jurisdictional amount to justify dismissal." Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)).  Whether a claim is for less than the jurisdictional amount depends on what damages a plaintiff could recover under state law. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993) (considering whether punitive damages were recoverable under state law to determine if amount in controversy requirement was met).

The District Court explained that the attachments to the complaint showed that the amount of compensatory damages at issue was at most $3,454.67 and that Thomas had not alleged facts supporting his claim for damages for emotional distress.  Although Thomas also claimed punitive damages, such damages are not recoverable under New Jersey law for breach of contract.  Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1194 (3d Cir. 1993).  Thus, Thomas' breach of contract claim does not satisfy the amount in controversy requirement for diversity jurisdiction.

Thomas also brought a claim for breach of fiduciary duty, for which punitive damages are recoverable under state law, but the District Court held that Thomas did not state a claim for such a breach because he and Northeastern do not have the requisite relationship of trust and confidence that gives rise to a fiduciary duty under New Jersey law.  See F.G. v. MacDonell, 696 A.2d 697, 703-04 (N.J. 1997).  We have found no authority supporting the conclusion that Northeastern owed Thomas a fiduciary duty

3

under the circumstances of this case. Thus, this claim was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2).

The District Court also acted within its discretion in declining to exercise any supplemental jurisdiction that may have been available. See 28 U.S.C. § 1367(c)(3).[1]

Accordingly, because this appeal does not raise a substantial question, we will affirm the order of the District Court.

---

[1] Although the District Court should give notice and an opportunity to be heard before dismissing a complaint for lack of jurisdiction, Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988), we find no impropriety here because, at the time Thomas filed his complaint, he was litigating the same jurisdictional issue in connection with a similar complaint he had filed in District Court. See Thomas v. Nova Southeastern Univ., D.N.J. Civ. No. 11-cv-02089. In addition, any opportunity to amend the complaint before dismissal would have been futile. See Grayson v. Mayview, 293 F.3d 103, 111 (3d Cir. 2002). After filing his appeal, Thomas filed a motion in District Court for leave to amend his complaint. Thomas' proposed amended complaint includes additional averments related to his breach of fiduciary duty claim, but these averments do not show a fiduciary relationship.